**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EURO E. CASTELLANO VILORIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN DIAMONDBACK CORRECTIONAL FACILITY, *et al.*,<br><br>Respondents. | ) | Case No. CIV-26-2635-D |

**ORDER**

Before the Court is Petitioner Euro E. Castellano Viloria's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], Respondents' response [Doc. No. 7], and Petitioner's reply [Doc. No. 8]. Petitioner is a citizen of Venezuela who entered the United States on August 10, 2023. [Doc. No. 7-2, p. 2]. Petitioner was paroled through the humanitarian parole process through June 12, 2025. *Id*.

On or about June 27, 2026, Weatherford Police Department arrested Petitioner during a traffic stop and transferred Petitioner to the U.S. Immigration and Customs Enforcement's Oklahoma City Enforcement and Removal Operations Office. [Doc. No. 7-2, p. 2; Doc. No. 1]. Petitioner was transferred to Diamondback Correctional Facility in Watonga, Oklahoma, where he remains detained. [Doc. No. 7, p. 5]. His removal proceedings are ongoing. *See* BIA Case Information, at https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 29, 2026).

Petitioner challenges his detention on three grounds: 1) violation of the Immigration and Nationality Act, 2) violation of his Fifth Amendment right to due process, and 3) unlawful warrantless arrest. [Doc. No. 1, pp. 16–19]. Petitioner seeks release from custody, or alternatively a bond hearing pursuant to § 1226(a). *Id.* at 20–21.

Respondents contend Petitioner is detained pursuant to the mandatory provision in 8 U.S.C. § 1225(b)(1) and is therefore not entitled to a bond hearing. [Doc. No. 7]. Specifically, Respondents argue that when Petitioner's parole under § 1182(d)(5)(A) expired, his status reverted to an arriving alien applying for admission at the border who is subject to mandatory detention under § 1225(b)(1). *Id.*

"The Court has previously 'found that § 1225(b)(1) doesn't apply in circumstances where . . . the noncitizen has resided in the [United States] for several years before their parole under § 1182(d)(5) is revoked.'" *Sukuev v. Gantt*, No. CIV-26-532-SLP, 2026 WL 2323188, at *1 (W.D. Okla. Aug. 11, 2026) (collecting cases) (quoting *Drozdov v. Lyons*, No. CIV-26-265-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026)); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2 (W.D. Okla. June 29, 2026) ("[T]his Court has previously recognized, parole under 8 U.S.C. § 1182(d)(5) does not, by itself, revert Petitioner's status back to that of an arriving alien.") (collecting cases).

Petitioner's current detention is not part of the inspection process, nor does it arise from an attempted entry at a port of entry. [*See* Doc. No. 1]. Rather, before his current detention, Petitioner was released on parole into the United States pursuant to § 1182(d)(5)(A) for almost two years, so "it is illogical to suggest that his re-detention is governed by § 1225(b)(1), which . . . 'governs procedures for the inspections of aliens

arriving in the United States who have not been admitted or paroled.'" *Rafibaev v. Noem*, No. 26-CV-00461-PAB, 2026 WL 607559, at *2 (D. Colo. Mar. 4, 2026) (quoting *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014), *motion for relief from judgment granted*, No. CIV 14-769 JCH/CG, 2015 WL 7454248 (D.N.M. Sept. 23, 2015)). Petitioner's circumstances are more naturally characterized as detention "pending a decision on whether the alien is to be removed from the United States" within the meaning of § 1226(a). *See Rafibaev*, at *2.

For these reasons, Petitioner's re-detention is governed by 8 U.S.C. 1226(a), and he is therefore entitled to a bond hearing.[1] *Cf. Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("We hold that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.[2] Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), **within 7 days of the date of this Order**, or release Petitioner. A separate judgment shall be entered.

---

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.

[2] Given this determination, Petitioner's Emergency Motion for Temporary Restraining Order and Order to Show Cause [Doc. No. 2] is moot.

**IT IS SO ORDERED** this 30th day of October, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE